IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-01437-CMA-BNB

CLINTON M. BRYANT, JR.,

Plaintiff,

v.

KING SOOPERS,

Defendant.
_____

# ORDER
_____

      This is an employment case apparently involving claims of race discrimination and retaliation.  The plaintiff is proceeding pro se.

      The defendant removed the case from a state court by filing a Notice of Removal [Doc. # 1, filed 6/2/2011].  By an Order [Doc. # 8, filed 6/23/2011], I required the parties to conduct a Rule 26(f) conference on or before July 6, 2011; to file a proposed scheduling order on or before July 20, 2011; and I set a scheduling conference for July 27, 2011.

      Prior to the July 27 scheduling conference, the defendant submitted a Motion for Leave to File Unilateral Scheduling Order [Doc. # 9] reporting that defense counsel (1) sent a letter to the plaintiff on June 30, 2011, attempting to arrange a conference with the plaintiff, to which the plaintiff did not respond; (2) attempted to call the plaintiff by telephone on July 5, 2011, but the plaintiff did not answer; (3) left a message on the plaintiff's voicemail on July 5, 2011, requesting that the plaintiff contact defense counsel, but the plaintiff did not; and (4) sent a proposed scheduling order to the plaintiff by overnight delivery on July 11, 2011, to which the

plaintiff did not respond. The defendant sought leave to file a unilateral scheduling order in view of the plaintiff's failure to comply with my Order [Doc. # 8] requiring that he confer with defense counsel and prepare a proposed scheduling order.

Prior to the July 27 conference, the plaintiff sent two emails directly to my chambers. The first email states in relevant part:

> This email is in reference to the documentation I received that was dated June 23, 2011. The letter [1] states this is set for scheduling/holding on July 27, 2011 at 9:30 a.m. This date will not work for me due to me not having proper representation at the present time.

The second email states:

> I would like to apologize for the confusion on my part. To date I still haven't had any luck finding proper representation to represent me on this matter. However, I am still working profusely to gain representation. I do need more time to try and locate an attorney to held with this case. If you could please reset this matter for later next month it would be greatly appreciated.

The parties appeared on July 27, 2011, for the scheduling conference. I explained to the plaintiff the prohibition against ex parte communications with a judge and the requirement that all communications be filed as motions and be served on opposing counsel. In response to the request to continue the scheduling conference to allow the plaintiff additional time to retain counsel, I told the plaintiff:

> I'm prepared to reset the matter for a later time to give you an opportunity to contribute your part of the scheduling order and, if you're able, to find a lawyer. . . . I encourage you to find one. But if you're unable to do it and you want to pursue your case, I'm not going to delay things very long. And if you can't find a lawyer,

---

[1] The email erroneously refers to my Order [Doc. # 8] setting a scheduling conference as a "letter."

> then you'll just have to represent yourself.

Recording of Proceedings, July 27, 2011, at 9:42:10 through 9:42:54 a.m.

At the plaintiff's request, I allowed him through September 2011 to retain counsel, and I set the case for a supplemental scheduling conference on October 6, 2011. Order [Doc. # 13].[2] I again cautioned the plaintiff, however:

> If, for any reason, you are unsuccessful [in hiring a lawyer], then you'll need to work with [defense counsel] to provide your input into the scheduling order, and then you'll be on your own. . . . I'm not going to be inclined to extend [the scheduling conference] beyond [October 6, 2011]. So you either get your lawyer by then or be on your own.

Recording of Proceedings, July 27, 2011, at 9:44:33 through 9:45:00 a.m.

The plaintiff failed to appear at the supplemental scheduling conference as ordered and failed to participate in the preparation of a draft scheduling order. See Defendant's Second Motion for Leave to File Unilateral Scheduling Order [Doc. # 14] (the "Second Motion") at ¶¶2-4. Consequently, I ordered the plaintiff to show cause why the case should not be dismissed pursuant to D.C.COLO.LCivR 41.1[3] for lack of prosecution and failure to comply with the Order requiring preparation of a scheduling order and attendance at a supplemental scheduling

---

[2]The Order also required the parties to submit a proposed scheduling order on or before September 29, 2011.

[3]Local rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

3

conference.  Order to Show Cause [Doc. # 17, filed 10/6/2011].

The plaintiff responded to the Order to Show Cause, stating in relevant part:

> To date I still have not found proper representation but I still wish to purse [sic] this case representing myself.  I have not received any of the certified mail that was sent out by [defense counsel] but I did receive the first class mail that was postdated September 29, 2011 and since have reviewed all of its contents.  According to the documents that were sent out by the courthouse it seems I missed the October 6, 2011 scheduling conference and I apologize for that.  It seems I am not receiving all of the mail being sent to my P.O. Box.  On October 14, 2011 at 4:44 pm I . . . left a voicemail for [defense counsel] pertaining to the scheduling order.  I would like to continue with this case and would greatly appreciate the chance to defend myself in this matter.

Response [Doc. # 18, filed 10/18/2011].

The response is disingenuous and unpersuasive. It is disingenuous because the plaintiff was in court on the day I set the supplemental scheduling conference and ordered the parties to prepare and submit a proposed scheduling order.  He did not need to receive any mail to know of those obligations, which were explained to him in open court.  It is unpersuasive because the plaintiff must make satisfactory arrangements to receive mail sent to him in connection with this case.  Moreover, defense counsel relied on more than the United States mail to attempt to communicate with the plaintiff and obtain his compliance with my order.  Defense counsel recounts the following efforts between the July 27 scheduling conference and the October 6 supplemental scheduling conference to obtain the plaintiff's cooperation and compliance:

(1)     He sent the plaintiff a letter on September 8, 2011, requesting the plaintiff's participation in the preparation of the scheduling order, which was returned marked "Undeliverable," Second Motion [Doc. # 14] at ¶¶1-2;

(2)     He placed a telephone call to the plaintiff on September 15, 2011, which was not

answered. Consequently, he left a voicemail requesting that the plaintiff contact him to prepare the scheduling order, but received no response, id. at ¶4; and

(3)     Finally, he filed the Second Motion, to which the plaintiff did not respond and, even in the face of the Second Motion, the plaintiff failed to attend the October 6 supplemental scheduling conference.

The plaintiff's repeated failures to comply with my orders concerning a scheduling conference and order ordinarily would result in my recommendation that the case be dismissed for lack of prosecution and failure to comply with applicable rules and court orders. However, I have not previously warned the plaintiff of the possible sanctions for his failures. See Ehrenhaus v. Reynolds, 956 F.2d 916, 921 (10th Cir. 1992)(setting out the following factors to be considered in determining whether to impose sanctions: (1) prejudice to the opposing party; (2) interference with the judicial process; (3) culpability of the sanctioned party; (4) whether the sanctioned party was warned; and (5) the efficacy of a lesser sanction).

I will give the plaintiff one final opportunity to comply with my orders and the requirements of the various rules of practice. His failure to participate in the preparation of a scheduling order and to appear at a scheduling conference may result in the imposition of sanctions including, potentially, the dismissal of this action with prejudice.

IT IS ORDERED:

(1)     A second supplemental scheduling conference is set for **November 10, 2011, at 9:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado;

(2)     Not later than **October 31, 2011**, the plaintiff shall contact defense counsel to

provide the plaintiff's input into the proposed scheduling order;

(3) The parties shall submit a proposed scheduling order, which includes the plaintiff's input, on or before **November 4, 2011**; and

(4) The plaintiff's failure to comply with this order may result in the imposition of sanctions including, potentially, the dismissal of the case with prejudice.

Dated October 20, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge