IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-01437-CMA-BNB

CLINTON M. BRYANT, JR.,

Plaintiff,

v.

KING SOOPERS,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises in connection with my Order to Show Cause [Doc. # 17, filed 10/6/2011].  Due to the plaintiff's repeated failures to prosecute, failures to comply with applicable rules, and failures to comply with court orders, I respectfully RECOMMEND that the action be dismissed with prejudice.

This is an employment case apparently involving claims of race discrimination and retaliation.  The plaintiff is proceeding pro se.

The defendant removed the case from a state court by filing a Notice of Removal [Doc. # 1, filed 6/2/2011].  By an Order [Doc. # 8], I required the parties to conduct a Rule 26(f) conference on or before July 6, 2011; to file a proposed scheduling order on or before July 20, 2011; and I set a scheduling conference for July 27, 2011.

Prior to the July 27 scheduling conference, the defendant submitted a Motion for Leave to File Unilateral Scheduling Order [Doc. # 9] reporting that defense counsel (1) sent a letter to the plaintiff on June 30, 2011, attempting to arrange a conference with the plaintiff, to which the

plaintiff did not respond; (2) attempted to call the plaintiff by telephone on July 5, 2011, but the plaintiff did not answer; (3) left a message on the plaintiff's voicemail on July 5, 2011, requesting that the plaintiff contact defense counsel, but the plaintiff did not; and (4) sent a proposed scheduling order to the plaintiff by overnight delivery on July 11, 2011, to which the plaintiff did not respond.  The defendant sought leave to file a unilateral scheduling order in view of the plaintiff's failure to comply with my Order [Doc. # 8] requiring that he confer with defense counsel and prepare a proposed scheduling order.

Prior to the July 27 conference, the plaintiff sent two emails directly to my chambers. The first email states in relevant part:

> This email is in reference to the documentation I received that was dated June 23, 2011.  The letter [1] states this is set for scheduling/holding on July 27, 2011 at 9:30 a.m.  This date will not work for me due to me not having proper representation at the present time.

The second email states:

> I would like to apologize for the confusion on my part.  To date I still haven't had any luck finding proper representation to represent me on this matter.  However, I am still working profusely to gain representation.  I do need more time to try and locate an attorney to held with this case.  If you could please reset this matter for later next month it would be greatly appreciated.

The parties appeared on July 27, 2011, for the scheduling conference.  I explained to the plaintiff the prohibition against ex parte communications with a judge and the requirement that all communications be filed as motions and be served on opposing counsel.  In response to the

---

[1]The email erroneously refers to my Order [Doc. # 8] setting a scheduling conference as a "letter."

2

request to continue the scheduling conference to allow the plaintiff additional time to retain

counsel, I told the plaintiff:

> I'm prepared to reset the matter for a later time to give you an
> opportunity to contribute your part of the scheduling order and, if
> you're able, to find a lawyer. . . .  I encourage you to find one.  But
> if you're unable to do it and you want to pursue your case, I'm not
> going to delay things very long.  And if you can't find a lawyer,
> then you'll just have to represent yourself.

Recording of Proceedings, July 27, 2011, at 9:42:10 through 9:42:54 a.m.

At the plaintiff's request, I allowed him through September 2011 to retain counsel, and  I

set the case for a supplemental scheduling conference on October 6, 2011.  Order [Doc. # 13].[2]  I

again cautioned the plaintiff, however:

> If, for any reason, you are unsuccessful [in hiring a lawyer], then
> you'll need to work with [defense counsel] to provide your input
> into the scheduling order, and then you'll be on your own. . . .  I'm
> not going to be inclined to extend [the scheduling conference]
> beyond [October 6, 2011].  So you either get your lawyer by then
> or be on your own.

Recording of Proceedings, July 27, 2011, at 9:44:33 through 9:45:00 a.m.

The plaintiff failed to appear at the supplemental scheduling conference as ordered and

failed to participate in the preparation of a draft scheduling order.  See Defendant's Second

Motion for Leave to File Unilateral Scheduling Order [Doc. # 14] (the "Second Motion") at ¶¶2-

4.  Consequently, I ordered the plaintiff to show cause why the case should not be dismissed

pursuant to D.C.COLO.LCivR 41.1[3] for lack of prosecution and failure to comply with the Order

---

[2]The Order also required the parties to submit a proposed scheduling order on or before
September 29, 2011.

[3]Local rule 41.1 provides:

requiring preparation of a scheduling order and attendance at a supplemental scheduling

conference.  Order to Show Cause [Doc. # 17].

The plaintiff responded to the Order to Show Cause, stating in relevant part:

> To date I still have not found proper representation but I still wish
> to purse [sic] this case representing myself.  I have not received
> any of the certified mail that was sent out by [defense counsel] but
> I did receive the first class mail that was postdated September 29,
> 2011 and since have reviewed all of its contents.  According to the
> documents that were sent out by the courthouse it seems I missed
> the October 6, 2011 scheduling conference and I apologize for
> that.  It seems I am not receiving all of the mail being sent to my
> P.O. Box.  On October 14, 2011 at 4:44 pm I . . . left a voicemail
> for [defense counsel] pertaining to the scheduling order.  I would
> like to continue with this case and would greatly appreciate the
> chance to defend myself in this matter.

Response [Doc. # 18, filed 10/18/2011].

The response is disingenuous and unpersuasive. It is disingenuous because the plaintiff

was in court on the day I set the supplemental scheduling conference and ordered the parties to

prepare and submit a proposed scheduling order.  He did not need to receive any mail to know of

those obligations, which were explained to him in open court.  It is unpersuasive because the

plaintiff must make satisfactory arrangements to receive mail sent to him in connection with this

case.  Moreover, defense counsel relied on more than the United States mail to attempt to

communicate with the plaintiff and obtain his compliance with my order.  Defense counsel

---

A judicial officer may issue an order to show cause why a case
should not be dismissed for lack of prosecution or for failure to
comply with these rules, the Federal Rules of Civil Procedure, or
any court order.  If good cause is not shown within the time set in
the show cause order, a district judge or a magistrate judge
exercising consent jurisdiction may enter an order of dismissal
with or without prejudice.

recounts the following efforts between the July 27 scheduling conference and the October 6

supplemental scheduling conference to obtain the plaintiff's cooperation and compliance:

(1)     He sent the plaintiff a letter on September 8, 2011, requesting the plaintiff's

participation in the preparation of the scheduling order, which was returned marked

"Undeliverable," Second Motion [Doc. # 14] at ¶¶1-2;

(2)     He placed a telephone call to the plaintiff on September 15, 2011, which was not

answered.  Consequently, he left a voicemail requesting that the plaintiff contact him to prepare

the scheduling order, but received no response, id. at ¶4; and

(3)     Finally, he filed the Second Motion, to which the plaintiff did not respond and,

even in the face of the Second Motion, the plaintiff failed to attend the October 6 supplemental

scheduling conference.

Consequently, the plaintiff failed to show good cause why the case should not be

dismissed.  The plaintiff's repeated failures to prosecute, to comply with applicable rules, and to

comply with my orders, together with his failure to show good cause in response to my show

cause order, ordinarily would have resulted in my recommendation that the case be dismissed.

However, I had not previously warned the plaintiff of the possible sanctions for his failures.  See

Ehrenhaus v. Reynolds, 956 F.2d 916, 921 (10th Cir. 1992)(setting out the following factors to

be considered in determining whether to impose sanctions: (1) prejudice to the opposing party;

(2) interference with the judicial process; (3) culpability of the sanctioned party; (4) whether the

sanctioned party was warned; and (5) the efficacy of a lesser sanction).  As a result,  I entered an

Order [Doc. # 19, filed 10/20/2011] setting a second supplemental scheduling conference for

November 10, 2011, at 9:30 a.m.,[4] and gave the plaintiff one final opportunity to comply with

my orders and the requirements of the various rules of practice.  I warned the plaintiff that his

failure to participate in the preparation of a scheduling order and to appear at a scheduling

conference may result in the imposition of sanctions.  Specifically, the Order required:

> (2) Not later than **October 31, 2011**, the plaintiff shall contact
> defense counsel to provide the plaintiff's input into the proposed
> scheduling order;
>
> (3) The parties shall submit a proposed scheduling order, which
> includes the plaintiff's input, on or before **November 4, 2011**; and
>
> (4) The plaintiff's failure to comply with this order may result in
> the imposition of sanctions including, potentially, the dismissal of
> the case with prejudice.

Order [Doc. # 19] at pp. 5-6.

On November 4, 2011, the defendant filed its Motion for Leave to Resubmit Unilateral

Scheduling Order [Doc. # 22] (the "Motion to Resubmit"), which reports the following:

> The undersigned [defense counsel] did not receive any contact
> from Plaintiff regarding the Proposed Scheduling Order.  On
> October 28, 2011, the undersigned left a voicemail message for
> Plaintiff reminding him that the undersigned needed to receive his
> input on the Proposed Scheduling Order on or before October 31,
> 2011.  The undersigned left both an email address and his phone
> number as possible methods of contact.  As of the filing of this
> Motion, the undersigned has received no contact from Plaintiff.

Id. at ¶3.  Consistent with the representations contained in the Motion to Resubmit, no

scheduling order containing the plaintiff's input was filed with the court on or before November

---

[4]The second supplemental scheduling conference was rescheduled at the parties' request
to November 17, 2011, at 9:00 a.m.  Minute Order [Doc. # 21, filed 10/24/2011].  The minute
order expressly stated that all other obligations established by my Order [Doc. # 19] remained in
place and were not altered.  Minute Order [Doc. # 21].

4, 2011, or at any time thereafter.  The plaintiff has simply ignored my Order [Doc. # 19].

The plaintiff and defense counsel appeared at the second supplemental scheduling conference on November 17, 2011, as required.  When asked about his failure to comply with my Order [Doc. # 19], the plaintiff responded: "I'm keeping better track of my documents now, and it won't happen again."  Recording of Proceedings, November 17, 2011, at 9:05:28 through 9:05:35 a.m.

Before recommending sanctions against the plaintiff, I must consider the five Ehrenhaus factors.  Ehrenhaus, 956 F.2d at 921.

## 1.      Prejudice

First, the defendant has been prejudiced by the plaintiff's repeated failures to comply with the Federal Rules of Civil Procedure, local rules of this court, and my orders concerning the preparation of a scheduling order and the completion of a scheduling conference, as follows:

(a)      The plaintiff failed to participate in the preparation of a scheduling order as required by my Order [Doc. # 8].  In response, defense counsel engaged in extraordinary efforts including (i) sending a letter to the plaintiff on June 30, 2011, attempting to arrange a conference with the plaintiff, to which the plaintiff did not respond; (ii) attempting to call the plaintiff by telephone on July 5, 2011, but the plaintiff did not answer; (iii) leaving a message on the plaintiff's voicemail on July 5, 2011, requesting that the plaintiff contact defense counsel, but the plaintiff did not; and (iv) sending a proposed scheduling order to the plaintiff by overnight delivery on July 11, 2011, to which the plaintiff did not respond.  See Order [Doc. # 19] at pp. 1-2;

(b)      Defense counsel appeared at the first scheduling conference, which was

unsuccessful in view of the plaintiff's failure to participate in the preparation of a scheduling

order, see Order [Doc. # 13];

(c)      Thereafter, defense counsel attempted to work with the plaintiff to prepare the

required scheduling order, which included the following:

> On September 8, 2011, the undersigned [defense counsel]
> attempted to send Plaintiff a letter inquiring as to whether Plaintiff
> had obtained counsel and requesting, if he had not, that he contact
> the undersigned in order to help prepare a Proposed Scheduling
> Order. . . .
>
> The letter sent by the undersigned was returned by the United
> States Postal Service.  The stamp indicating the reason for the
> return is illegible, though it appears to read "undeliverable. . . ."
>
> Not having heard from Plaintiff, and before the letter was returned,
> the undersigned called Plaintiff on September 15, 2011.  The
> undersigned received Plaintiff's voicemail and left him a message
> asking him to call the undersigned so that the parties might put
> together a Proposed Scheduling Order.  The undersigned has not
> received a return call.  Indeed, the undersigned has not had any
> communication with Plaintiff since the July 27, 2011, Scheduling
> Conference.

Second Motion for Leave to File Unilateral Scheduling Order [Doc. # 14, filed 9/29/2011];

(d)      Defense counsel appeared at the first supplemental scheduling conference, which

was unsuccessful because the plaintiff failed to appear and failed to participate in the preparation

of a scheduling order.  Order to Show Cause [Doc. # 17] at p. 1;

(e)      Following my Order [Doc. # 19] setting a second supplemental scheduling

conference, defense counsel again engaged in extraordinary efforts to obtain the plaintiff's

participation in the preparation of a scheduling order, including the following: (i) leaving  a

voicemail message reminding the plaintiff that his input for the proposed scheduling order was

required on or before October 31, 2011; and (ii) leaving both an email address and telephone number as possible methods for the plaintiff to contact him, to which the plaintiff did not respond.  Motion to Resubmit [Doc. # 22]; and

(f)      Finally, defense counsel attended the second supplemental scheduling conference which was again unsuccessful because of the plaintiff's failure to participate in the preparation of a scheduling order.

## 2.      Interference With the Judicial Process

The plaintiff's failures and refusal to participate in the preparation of a scheduling order and the completion of a scheduling conference has significantly interfered with the judicial process.  I have held three unsuccessful scheduling conferences and entered three orders instructing the plaintiff to comply with his obligations, including an order to show cause.[5]

## 3.      Culpability of the Plaintiff

The plaintiff is solely responsible for his failures to comply with the applicable rules and court orders.  He offers no meaningful excuse, and his suggestion that he now is keeping better track of his documents and the problem will not happen again is insufficient in view of the extraordinary efforts of defense counsel to obtain the plaintiff's cooperation and my repeated efforts to cause the plaintiff to comply.

## 4.      Warning

My Order [Doc. # 19] warned the plaintiff, in the clearest terms possible and without ambiguity, that his failure to participate in the timely preparation and submission of a scheduling

---

[5]The three orders include (1) Order [Doc. # 13, filed 7/27/2011]; (2) Order to Show Cause [Doc. # 17, filed 10/6/2011]; and (3) Order [Doc. # 19, filed 10/20/2011].

order "may result in the imposition of sanctions including, potentially, the dismissal of the case with prejudice." Id. at p. 6. The plaintiff ignored my Order, even in the face of that warning.

**5.      Efficacy of a Lesser Sanction**

The problem here is that the plaintiff fails to meet his obligations in connection with the prosecution of the case. Imposing a monetary sanction, excluding evidence, or any other lesser sanction will not compel the plaintiff to comply with rules and orders. Where, as here, a pro se litigant repeatedly refuses to comply with his obligations to prosecute the case in a manner consistent with the commands of the applicable rules and court orders, the only alternative left to a court is to dismiss the case.

I respectfully RECOMMEND that the Order to Show Cause [Doc. # 17] be made absolute and that this action be DISMISSED WITH PREJUDICE for failure to prosecute; repeated failures to comply with the Federal Rules of Civil Procedure and the local rules of practice of this court; and repeated failures to comply with court orders.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.

1996).

Dated November 17, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge